GEORGE WOODWARD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42279. Promulgated July 28, 1931.

1260

*A. E. James, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

**OPINION.**

VAN FOSSAN: There is no disagreement between the parties concerning the facts. The only issue is whether the taxable gain resulting from the transaction set forth in the findings of fact is taxable as a capital gain or as a dividend.

The statutory provisions applicable to the issue are section 203 (b) (2), (d) (1) and (d) (2) of the Revenue Act of 1926, which read as follows:

(b) (2) No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.

(d) (1) If an exchange would be within the provisions of paragraph (1), (2), or (4) of subdivision (b) if it were not for the fact that the property received in exchange consists not only of property permitted by such paragraph to be received without the recognition of gain, but also of other property or money, then the gain, if any, to the recipient shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property.

(d) (2) If a distribution made in pursuance of a plan of reorganization is within the provisions of paragraph (1) but has the effect of the distribution of a taxable dividend, then there shall be taxed as a dividend to each distributee such an amount of the gain recognized under paragraph (1) as is not in excess of his ratable share of the undistributed earnings and profits of the corporation accumulated after February 28, 1913. The remainder, if any, of the gain recognized under paragraph (1) shall be taxed as a gain from the exchange of property.

The petitioner received stock of the Corn Exchange Bank of Philadelphia in exchange for his Third National Bank stock, and also received $11,250 in cash. Admittedly the cash received, namely, $11,250, constituted the petitioner's taxable gain. At the date of the reorganization, consolidation and merger, set forth in the findings of fact, the Third National Bank had a surplus earned after March 1, 1913, amounting to $48.35 for each share of its capital stock. In pursuance of the plan of reorganization and merger all of this surplus, together with all the other assets of the Third National Bank, was transferred to the Corn Exchange Bank. Practically simultaneously with this transfer the Corn Exchange Bank made the exchange of stock referred to and paid to the petitioner $45 on account of each share of Third National Bank stock owned by him at the date of the exchange. This payment was only a small amount less than the per-share surplus earned by the Third National Bank between March 1, 1913, and the date of the reorganization and merger. The $45 per share was not a dividend technically because the payment was not made by the Third National Bank. But it is evident from the facts that the distribution of the $45 per share among the stockholders of the Third National Bank under the plan of reorganization was intended to be, and was in fact, a distribution among them of the major portion of that bank's surplus, earned between March 1, 1913, and the date of the merger. In our opinion the provisions of section 203 (d) (2) are not concerned with the mechanism of the distribution made in pursuance of a plan of reorganization or with the agency through which the distribution was effected. The question to be answered under section 203 (d) (2) is whether or not, in practical result, the distribution made in pursuance of the plan of reorganization " has the effect of a distribution of a taxable dividend." On the facts of this proceeding we are of the opinion that the payment of $45 on account of each of the petitioner's shares of the capital stock of the Third National Bank was, in effect, the distribution of a taxable dividend. Therefore, under the provisions of section 203 (d) (2), the taxable gain, namely $11,250, is taxable to the petitioner as a dividend. It is not taxable as a capital gain.

*Judgment will be entered under Rule 50.*