## HELVERING, COMMISSIONER OF INTERNAL REVENUE, *v.* BASHFORD.

No. 33. Argued October 21, 1937. Reargued December 15, 1937.— Decided January 3, 1938.

*Mr. J. Louis Monarch,* with whom *Solicitor General Reed, Assistant Attorney General Morris,* and *Messrs. Sewall Key* and *Maurice J. Mahoney* were on the brief, for petitioner.

*Mr. Walter G. Moyle,* with whom *Messrs. Charles C. Gammons* and *Ernest L. Wilkinson* were on the brief, for respondent.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

Whether Bashford is liable for a deficiency in the income taxes assessed for the year 1930 depends upon whether Atlas Powder Company was, as defined by § 112 (i) (2) of the Revenue Act of 1928, 45 Stat. 818, "a party to the reorganization" of the Peerless Explosives Company.

Atlas Powder Company desired to eliminate the competition of three concerns—Peerless Explosives Company, Union Explosives Company and Black Diamond Powder Company. Deeming it unwise to do so by buying either their stock or their assets, Atlas conceived and consummated a plan for consolidating the three competitors into a new corporation, with Atlas to get a majority of its stock. To this end holders of the stock of the three companies were duly approached by individuals who represented Atlas; their agreements to carry out the plan were obtained; the new corporation was formed and became the owner practically of all the stock, and all the assets, of the three competitors; Atlas became the owner of all the preferred stock and 57% of the common stock of the new corporation; and in exchange for the stock in the three companies each of the former stockholders re-

ceived some common stock in the new company, some Atlas stock, and some cash which Atlas supplied.

Bashford, one of the stockholders in Peerless, received in exchange for his stock 2,720.08 shares of the common stock of the new corporation, $25,306.67 in cash, 625 shares of Atlas preferred, and 1344 shares of Atlas common. In his income tax return for the year 1930 he included all the cash, but did not include the gain on stock of either the new corporation or Atlas. The Commissioner concedes that gain on the stock in the new corporation was properly omitted, since the new company was a "reorganization" of Peerless. He insists that the Atlas stock should have been included, as it was "other property" on which gain was taxable under § 112 (c) (1) of the Revenue Act of 1928, since Atlas was not "a party to the reorganization." The Board of Tax Appeals, 33 B. T. A. 10, held that Atlas was "a party to the reorganization," and hence that gain on its stock was properly omitted by Bashford. The Circuit Court of Appeals for the Third Circuit affirmed that judgment. 87 F. (2d) 827. Because of alleged conflict of the decision with *Commissioner* v. *Groman*, 86 F. (2d) 670, we granted certiorari in both cases.

In *Groman* v. *Commissioner, ante,* p. 82, we gave the following construction to the reorganization sections here involved:

". . . where, pursuant to a plan, the interest of the stockholders of a corporation continues to be definitely represented in substantial measure in a new or different one, then to the extent, but only to the extent, of that continuity of interest, the exchange is to be treated as one not giving rise to present gain or loss." P. 89.

Applying the rule, we held there that the Glidden stock received by Groman was "other property" and he, therefore, liable on the deficiency assessment; because the Glidden Company was not "a party to the reorganiza-

tion," although it had, pursuant to agreement with the stockholders of the Indiana corporation, caused it to be reorganized as an Ohio corporation; had taken for itself all the common stock of Ohio; and had distributed among the former stockholders of Indiana the Ohio preferred stock and some Glidden stock, as well as cash, which it supplied. Applying the rule here, we hold likewise that the Atlas stock was "other property" and Bashford, therefore, liable on the deficiency assessment; because the Atlas Powder Company was not "a party to the reorganization."

Bashford contends that there is a clear distinction in the facts between the case at bar and the *Groman* case which should lead to a different conclusion here. The differences mainly relied upon are these:

1. In the *Groman* case, the court found that Glidden did not acquire a majority of the shares of the voting stock and a majority of the shares of all other classes of stock involved, whereas here the facts were as follows: Atlas acquired "not only a majority of the voting stock and a majority of the stock of all other classes of another corporation (the new company) *in the reorganization,* but of all the other corporations (Peerless and Union) *in the reorganization.*"

2. "Atlas actually acquired, as part of the plan . . . substantially all of the shares of Peerless and Union in direct exchanges with the taxpayer and the other stockholders of those companies in part consideration for which it delivered to the shareholders 6,318 shares of Atlas preferred stock and 8712½ shares of common."

3. "Atlas, unlike Glidden was a party to all the exchanges, while the new company was a party only to exchanges with Atlas."

4. "The stockholders of Peerless and Union did not participate in the contract or exchange between Atlas and the new company."

Any direct ownership by Atlas of Peerless, Black Diamond, and Union was transitory and without real substance; it was part of a plan which contemplated the immediate transfer of the stock or the assets or both of the three reorganized companies to the new Atlas subsidiary. Hence, under the rule stated, the above distinctions are not of legal significance. The difference in the degree of stock control by the parent company of its subsidiary and the difference in the method or means by which that control was secured are not material. The participation of Atlas in the reorganization of its competitors into a new company which became a subsidiary did not make Atlas "a party to the reorganization." The continuity of interest required by the rule is lacking.

*Reversed.*

MR. JUSTICE ROBERTS took no part in the consideration or decision of the case.

MR. JUSTICE McREYNOLDS, MR. JUSTICE SUTHERLAND and MR. JUSTICE BUTLER are of opinion that the Board of Tax Appeals and the Circuit Court of Appeals reached the right conclusion, and that the judgment below should be affirmed.