GEORGE D. GRAHAM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

NEVA B. GRAHAM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 87570, 87571. Promulgated April 8, 1938.

J. E. Hammond, Esq., for the petitioners.
T. M. Mather, Esq., for the respondent.

OPINION.

HARRON: Two questions for decision are presented—(1) whether the transaction in which the Illinois Pacific Coast Co. (the Coast Co.) disposed of approximately 95 percent of its assets to the Owens Illinois Pacific Co. (the Owens Co.) was a sale giving rise to gain or loss, or a reorganization under the statute; (2) whether the transaction in which the Illinois Pacific Coast Co. transferred all its remaining assets in the amount of $302,000 to the Container Securities Co. (the Container Co.) in exchange for all the capital stock of the Container Co. was a reorganization under section 112 (i) (1) (A) or (B) of the Revenue Act of 1932.

In his original determination of the deficiency here in question the respondent treated the transaction between the Coast Co. and the Owens Co. as a sale and allowed a loss assignable to common stock in the amount of $4,160.45 to petitioner George D. Graham and $300.37 to petitioner Neva B. Graham, citing *Pinellas Ice & Cold Storage Co.* v. *Commissioner*, 57 Fed. (2d) 188. At the hear-

ing the respondent changed his position as to this transaction, and he now contends that since a substantial part of the property received by the Coast Co. for its assets and distributed to its stockholders consisted of debentures of the Owens-Illinois Glass Co., there was a continuity of interest, and the transaction was a reorganization and no loss from the exchange can be recognized under the Revenue Act of 1932.

The petitioners contend that both transactions taken as a whole constituted a sale of the major portion of the corporate assets and the subsequent distribution of the properties in liquidation and therefore the loss should be recognized under section 115 (c) of the Revenue Act of 1932.

The Coast Co. disposed of approximately 95 percent of its assets to the Owens Co. for $1,500,000 in cash, $1,625,000 in Owens-Illinois Glass Co.'s 10-year debentures, and the assumption by the Owens Co. of its bonded indebtedness in the amount of $2,500,000.

The Owens-Illinois Glass Co. was not a party to the transaction, but the Owens Co. was its wholly owned subsidiary. The debentures in question matured January 1, 1939, but were called in 1933, within a year from the time they were distributed by the Coast Co. to its stockholders in dissolution.

The Commissioner relies on *Lucien H. Tyng*, 36 B. T. A. 21. We think that case may be distinguished from the case before us on the facts. In the *Tyng* case A acquired all the voting stock and a majority of the shares of all other classes of stock of B and C in exchange for cash and its long term debentures. We there held, following *Kaspare Cohn Co., Ltd.*, 35 B. T. A. 646, that there was a plan of reorganization; that the long term debentures gave a sufficient continuity of interest; and that the transaction resulted in a reorganization under section 112 (i) (1) (A) of the Revenue Act of 1928. Here, the debentures received were not the evidences of indebtedness of the Owens Co., the party which acquired the assets, but of the Owens-Illinois Glass Co. Moreover, it does not appear that the parties intended the stockholders of the Pacific Co. would retain a continuing interest. In the *Tyng* case, on the other hand, there was an intention expressed in the agreement that a part of the consideration for the transfer of the stock would be long term debentures which would permit a continuing interest.

The transaction here comes within the language of section 112 (i) (1) (A) of the Revenue Act of 1932.[1] The Owens Co. acquired

---

[1](i) DEFINITION OF REORGANIZATION.—As used in this section and sections 113 and 115—

(1) The term "reorganization" means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation).

substantially all the properties of the Pacific Co. While this may appear to be a merger of the two corporations within the literal definition of the reorganization provisions of the statute, it is not necessarily so, and the transaction must be further examined to determine whether it is a reorganization within the meaning of the statute, *Gregory* v. *Helvering*, 293 U. S. 465, or whether it was in reality a sale in which the securities must be regarded as cash. *Pinellas Ice & Cold Storage Co.* v. *Commissioner*, 287 U. S. 462.

When we examine the record before us there does not appear to have been a plan of reorganization, but rather a plan to sell and liquidate the assets of the Coast Co. The transfer of a large portion of its assets to the Owens Co. for cash and debentures of the Owens-Illinois Glass Co. was a part of that plan. The transaction was referred to by the board of directors of the Coast Co. in their resolution of March 15, 1932, as a sale of the assets and business of the corporation, and the acts of the parties are thoroughly consistent with their expressed intention of a sale of the assets and a distribution of the proceeds in liquidation. It can hardly be said the plan contemplated that the Coast Co. or its stockholders would retain a "continuing interest" in the assets transferred for cash and debentures which matured in the short term of about six and one-half years and were in fact called within a year. Moreover, the debentures were not the securities of the Owens Co., a California corporation, which acquired the assets, but of the Owens-Illinois Glass Co., an Ohio corporation which, although undoubtedly interested in the transaction through its stock ownership of the Owens Co., was, nevertheless, not a "party to a reorganization" within the ordinary meaning of that term or the statutory definition in section 112 (i) (2) of the Revenue Act of 1932. *Groman* v. *Commissioner*, 302 U. S. 82; *Helvering* v. *Bashford*, 302 U. S. 454. Considering all the facts and circumstances of the case, we are of the opinion that the transaction was not a merger and a reorganization according to a plan of reorganization within the meaning of the statute, but must be considered a sale for a definite sum of money and certain debentures. These debentures must be treated as cash to the extent of their fair market value when distributed in liquidation and applied in payment in exchange for petitioners' common stock. The resulting gain or loss must be determined as provided in section 115 (c) of the Revenue Act of 1932. Cf. *Pinellas Ice & Cold Storage Co.* v. *Commissioner*, *supra*.

The second question in issue is whether the transfer by the Coast Co. of the remainder of its assets of the value of $302,000 in exchange for all the stock of the Container Co. was a reorganization within the intendment of the statute. Clearly it was not a reorganization under section 112 (i) (1) (A), as contended by the respondent. The

transaction was neither a merger nor a consolidation as therein defined. It can not be seriously contended that $302,000 was "substantially all the properties" of the Coast Co. Nor do we think it was a reorganization within section 112 (i) (1) (B). The Container Co. was organized to liquidate the remaining assets of the Coast Co. and not to carry on any business enterprise. It was only a means used by the Coast Co. to this end. It was not created pursuant to a plan to reorganize any corporate business, but pursuant to a plan to facilitate the liquidation of a corporation. We think that the statute was not intended to include such a transaction under section 112 (i) (1) (B), even though it may come within the definition of the statute, and that the question must be answered in the negative. *Gregory* v. *Helvering, supra; Helvering* v. *Elkhorn Coal Co.*, 95 Fed. (2d) 732; *A. W. Mellon*, 36 B. T. A. 977, 1070.

In *Gregory* v. *Helvering, supra,* the Supreme Court said:

When subdivision (B) speaks of a transfer of assets by one corporation to another, it means a transfer made "in pursuance of a plan of reorganization" (section 112 (g)) of corporate business; and not a transfer of assets by one corporation to another in pursuance of a plan having no relation to the business of either, as plainly is the case here. * * *

Under the facts before us, we hold for the petitioners on both issues. This disposition of the case makes it unnecessary to discuss petitioners' contention that the additional deficiency claimed by respondent at the hearing was not sufficiently definite to comply with section 272 (e) of the Revenue Act of 1926. It will suffice to say that we think it was sufficiently definite to fix the amount of the deficiency determined.

*Decision will be entered for the petitioners.*