**UNITED STATES v. RODGERS et al.**
**No. 6408.**

Circuit Court of Appeals, Third Circuit.
Feb. 20, 1939.

THOMPSON, Circuit Judge, dissenting.

James W. Morris, Asst. Atty. Gen., and Sewall Key, J. L. Monarch, and F. A. Michels, Sp. Assts. to Atty. Gen. (J. Cullen Ganey, U. S. Atty., of Bethlehem, Pa., and Thomas J. Curtin, Asst. U. S. Atty., of Philadelphia, Pa., of counsel), for the United States.

Frederick E. S. Morrison, Thomas Reath, and Henry S. Drinker, Jr., all of Philadelphia, Pa., for appellees.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

336

BIGGS, Circuit Judge.

The facts of this case have been set forth fully in the first opinion of this court and therefore no purpose will be served by stating them again.

By the contract between Macklin and the "June, 1927 Corporation" it was provided that Macklin should sell 1,026¹%₆₅ shares of his stock of the "1902 Corporation" for $65 a share, but should retain the balance of his shares, 1,373⁵⁵%₆₅ in number, and vote them for the merger agreement under which he was to receive and did receive 950 shares of the $7 cumulative preferred stock of the new corporation, viz., the consolidated corporation.

The Commissioner decided that the disposition of Macklin's stock was a single transaction and determined that the gain upon the transaction was taxable under the provisions of Section 203(d) (1) of the Revenue Act of 1926, 44 Stat. 12. Our ruling was to like effect. Macklin's executors on the other hand contended that the sale of the 1,026¹%₆₅ shares of stock by him was one transaction, resulting in a taxable gain to Macklin upon which tax has been paid; that the disposition of the 1,373⁵⁵%₆₅ shares by Macklin in exchange for the stock of the consolidated corporation in pursuance of the plan of reorganization was another separate and distinct transaction and that therefore no gain or loss might be recognized to Macklin as provided by 203(b) (2) of the Revenue Act.

The decision of the case at bar turns upon the meaning which should be attributed to the word "exchange" as used in Section 203(d) (1) of the Act. This word refers to an exchange of stock when "the property received in exchange consists not only of property permitted by such paragraph [paragraph (1), (2) or (4) of subdivision (b) of Section 203] to be received without the recognition of gain, but also of other property or money * * *". In the case at bar was there an "exchange" of Macklin's stock for stock and other property or money? Such was our original conclusion.

We now conclude that our decision was erroneous. Macklin sold part of his stock. He received from that sale the money consideration stipulated in the contract between himself and the "June, 1927 Corporation". The transaction of sale was divided sharply from the other transactions contemplated by his contract, viz., Macklin's vote for the merger and the exchange of his remaining shares of stock for the stock of the consolidated company. In the literal sense there therefore was no "exchange" of stock by Macklin for stock and money. There was simply the exchange by him of stock for stock. We are of the opinion that this exchange was literally within the provisions of Section 203(b) (2) and that therefore neither gain nor loss was recognizable to Macklin upon the transaction.

The result might be otherwise had the sale of the 1,026¹%₆₅ shares of stock by Macklin been for an inadequate consideration or had Macklin received an amount of stock of the consolidated corporation in any wise disproportionate to the value of the $1,373⁵⁵%₆₅ shares of stock of the "1902 Corporation" exchanged by him. In other words we are of the opinion that a taxpayer may not invoke the provisions of Section 203(b) (2) if he has put fictitious value upon shares sold or has received more than true value for shares exchanged by him in a merger or reorganization. There must be a sale bona fide in all particulars in order to separate the transaction of sale from the transaction of exchange. Otherwise the transactions would become one and the gain to the taxpayer both upon the sale and exchange would become taxable as provided by Section 203(d) (1).

It should also be observed that Macklin's interest continued to be represented in the consolidated corporation in the "substantial measure" referred to by Mr. Justice Roberts in Groman v. Commissioner, 302 U.S. 82, 89, 58 S.Ct. 108, 82 L.Ed. 63. See, also, Helvering v. Bashford, 302 U.S. 454, 58 S.Ct. 307, 82 L.Ed. 367.

We believe that the rule governing the case at bar is enunciated by the Supreme Court in the case of Weiss v. Stearn, 265 U.S. 242, 44 S.Ct. 490, 68 L.Ed. 1001, 33 A.L.R. 520. In the cited case, arising under the income provisions of the Revenue Act of 1916, c. 463, 39 Stat. 756, 757, it was held that the gain upon shares of stock sold for cash admittedly was taxable but that the exchange of stock for substantially identical stock was not taxable. In short the Supreme Court segregated the transactions of sale and exchange.

A similar instance of the application of the principle of segregation is evinced in Kelly v. Commissioner, 97 F.2d 915, 917, decided by the Court of Appeals for the Second Circuit, construing the provisions of Section 112(b) (2) and (e) and those of Section 115(c) and (h) of the Revenue

Act of 1932, 26 U.S.C.A. §§ 112(b) (2), (e), and 115(c), note and (i), the Court holding that the transactions there passed upon constituted a partial liquidation of a corporation under the Section 115(h), 26 U.S.C. A. § 115(i), and in effect segregated the shares retained by the taxpayer from those disposed of by him in the partial liquidation of the corporation, allowing to the taxpayer the loss sustained by him upon the latter transaction.

We therefore must reverse the ruling made by us in our former opinion. Accordingly, the judgment of the court below is affirmed.

THOMPSON, Circuit Judge, dissents.