**HEDDEN v. COMMISSIONER OF INTERNAL REVENUE (three cases).**

**CONNEEN v. SAME.**

**Nos. 6971, 6973, 6974, 6972.**

Circuit Court of Appeals, Third Circuit.

June 20, 1939.

Ernest C. Lum, of Newark, N. J., and William Ristig, of Washington, D. C., for petitioners.

James W. Morris, Asst. Atty. Gen., and Sewall Key and Maurice J. Mahoney, Sp. Assts. to Atty. Gen., for respondent.

Before MARIS, BIDDLE, and BUFFINGTON, Circuit Judges.

MARIS, Circuit Judge.

These are petitions for review of a decision of the Board of Tax Appeals sus-

taining a deficiency in the income tax for the year 1931 of the Hedden Iron Construction Company (hereinafter called Hedden), assessed against the petitioners as transferees of the assets of Hedden.

Bethlehem Steel Corporation (hereinafter called Bethlehem) was given an option to acquire the assets of Hedden. In accordance with a prearranged plan and at the direction of Bethlehem Hedden transferred all its New Jersey real estate to Union Iron Works Company (hereinafter called Union) and all its remaining assets to McClintic-Marshall Company (hereinafter called McClintic), both being wholly owned subsidiaries of Bethlehem. Bethlehem gave its own bonds having a cash value of $1,250,000 and $16,400 in cash to Hedden and set upon its books inter-company accounts receivable and notes receivable from Union and McClintic. Hedden sold some of the bonds and thereafter distributed cash and the remaining bonds to its stockholders, the four petitioners herein. Thereafter Hedden was dissolved. The gain to Hedden from the transaction was $421,193.23, and the deficiency in tax in respect thereof was assessed by the Commissioner against the petitioners as transferees.

The question is whether the gain realized by Hedden is recognizable for tax purposes. The Commissioner concedes that if the transaction amounted to a statutory reorganization under Section 112 (i) (1) (A) and if Bethlehem was a party to the reorganization within the meaning of Section 112 (i) (2) of the Revenue Act of 1928, 26 U.S.C.A. § 112 note, the gain is not taxable. We set out in the margin the applicable portions of the Act.[1]

The petitioners do not claim that there was a statutory reorganization as

---

[1] "Sec. 112. Recognition of gain or loss.

"(a) General rule. Upon the sale or exchange of property the entire amount of the gain or loss determined under section 111, shall be recognized, except as hereinafter provided in this section.

"(b) Exchanges solely in kind—
* * *

"(3) Stock for stock on reorganization. No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.

"(4) Same—Gain of corporation. No gain or loss shall be recognized if a corporation a party to a reorganization exchanges property, in pursuance of the plan of reorganization, solely for stock or securities in another corporation a party to the reorganization.
* * *

"(c) Gain from exchanges not solely in kind—

"(1) If an exchange would be within the provisions of subsection (b) (1), (2), (3), or (5), of this section if it were not for the fact that the property received in exchange consists not only of property permitted by such paragraph to be received

between Hedden and the two transferee corporations, Union and McClintic. Their claim is that the transaction between Hedden and Bethlehem constituted a non-taxable reorganization. Had Hedden transferred its assets to Bethlehem and received in exchange a continuing interest in those assets by reason of its receipt of the securities of the transferee corporation, a statutory reorganization would have resulted. Helvering v. Minnesota Tea Co., 296 U.S. 378, 56 S.Ct. 269, 80 L.Ed. 284. The petitioners claim that Bethlehem was in fact the acquiring corporation; that it contracted for the right to have the assets of Hedden transferred to itself or its nominees; that it gave its own bonds to effect the reorganization; that a transfer to its wholly owned subsidiaries was in reality a transfer to itself.

■ In our opinion the question involved is indistinguishable from that raised in Groman v. Commissioner, 302 U.S. 82, 58 S.Ct. 108, 112, 82 L.Ed. 63, where the Supreme Court was called upon to determine the meaning and scope of the phrase "a party to a reorganization" as used in Sec. 112 of the Revenue Act of 1928. In that case the Glidden Company in furtherance of an agreement with the shareholders of Metals Refining Company, an Indiana corporation, referred to as Indiana, organized an Ohio corporation, referred to as Ohio, and became the owner of all its common stock. The shareholders of Indiana transferred their stock to Ohio and received in exchange Glidden prior preference stock, shares of the preferred stock of Ohio and cash. Indiana thereupon transferred its assets to Ohio and was dissolved. In his income tax return the petitioner, a shareholder of Indiana, included the cash received by him for his Indiana stock but ignored the shares of Glidden and

without the recognition of gain, but also of other property or money, then the gain, if any, to the recipient shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property.

"(2) If a distribution made in pursuance of a plan of reorganization is within the provisions of paragraph (1) of this subsection but has the effect of the distribution of a taxable dividend, then there shall be taxed as a dividend to each distributee such an amount of the gain recognized under paragraph (1) as is not in excess of his ratable share of the undistributed earnings and profits of the corporation accumulated after February 28, 1913. The remainder, if any, of the gain recognized under paragraph (1) shall be taxed as a gain from the exchange of property.

"(d) Same—Gain of corporation. If an exchange would be within the provisions of subsection (b) (4) of this section if it were not for the fact that the property received in exchange consists not only of stock or securities permitted by such paragraph to be received without the recognition of gain, but also of other property or money, then—

"(1) If the corporation receiving such other property or money distributes it in pursuance of the plan of reorganization, no gain to the corporation shall be recognized from the exchange, but

"(2) If the corporation receiving such other property or money does not distribute it in pursuance of the plan of reorganization, the gain, if any, to the corporation shall be recognized, but in an amount not in excess of the sum of such

money and the fair market value of such other property so received, which is not so distributed.

* * *

"(i) Definition of reorganization. As used in this section and sections 113 and 115—.

"(1) The term 'reorganization' means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form, or place of organization, however effected.

"(2) The term 'a party to a reorganization' includes a corporation resulting from a reorganization and includes both corporations in the case of an acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation.

"(j) Definition of control. As used in this section the term 'control' means the ownership of at least 80 per centum of the voting stock and at least 80 per centum of the total number of shares of all other classes of stock of the corporation." 26 U.S.C.A. § 112(a), (b) (3, 4), (c, d), (h) and § 112 note.

of Ohio as stock received in exchange in a reorganization. The Commissioner agreed that inasmuch as the Ohio stock had been received in part payment for that of Indiana the exchange did not give rise to income but ruled that as to the Glidden shares the transaction resulted in a taxable exchange since Glidden was not a party to the reorganization. This ruling was sustained by the Supreme Court. In determining that Glidden was not a party to the reorganization the Supreme Court said:

"Glidden received nothing from the shareholders of Indiana. The exchange was between Indiana's shareholders and Ohio. Do the facts that Glidden contracted for the exchange and made it possible by subscribing and paying for Ohio's common stock in cash so that Ohio could consummate the exchange, render Glidden a party to the reorganization? No more so than if a banking corporation had made the agreement with Indiana's shareholders and had organized the new corporation, and, by subscription to its stock and payment therefor in money and the banking company's stock put the new company in position to complete the exchange. Not every corporate broker, promoter, or agent which enters into a written agreement effectuating a reorganization, as defined in the Revenue Act, thereby becomes a party to the reorganization. And, if it is not a party, its stock received. in exchange, pursuant to the plan, is 'other property' mentioned in section 112 (c) (1) and must be reckoned in computing gain or loss to the recipient. Glidden was, in the transaction in question, no more than the efficient agent in bringing about a reorganization. It was not, in the natural meaning of the term, a party to the reorganization.

* * *

"If cash or 'other property,' that is, property other than stock or securities of the reorganized corporations, is received, present gain or loss must be recognized. Was not Glidden's prior preference stock 'other property' in the sense that its ownership represented a participation in assets in which Ohio, and its shareholders through it, had no proprietorship? Was it not 'other property' in the sense that qua that stock the shareholders of Indiana assumed a relation toward the conveyed assets not measured by a continued substantial interest in those assets in the ownership of Ohio, but an interest in the assets of Glidden a part of which

was the common stock of Ohio? These questions we think must be answered in the affirmative. To reject the plain meaning of the term 'party,' and to attribute that relation to Glidden, would be not only to disregard the letter but also to violate the spirit of the Revenue Act."

We have quoted thus extensively from the opinion of the Supreme Court in the Groman case in order to emphasize how aptly its reasoning applies to the facts in the instant case. The taxable consideration in the Groman case moved from the parent corporation Glidden, and not directly from the transferees. Glidden was held not to be a party to the reorganization. In the instant case, the consideration moved from Bethlehem rather than from Union and McClintic, the transferees. In order not to be taxable the consideration must come from a party to the reorganization. Bethlehem was not such a party.

■ Nor did Hedden by reason of its acquisition of the Bethlehem bonds receive a definite and material interest in the affairs of the transferee companies, Union and McClintic, representing a substantial part of the value of the assets transferred which is an essential element of a nontaxable transfer. Helvering v. Bashford, 302 U.S. 454, 58 S.Ct. 307, 82 L.Ed. 367. As we said in Commissioner of Internal Revenue v. Freund, 3 Cir., 98 F.2d 201, 205: "To come within the exemption of the statute one who transfers property to a corporation must acquire an interest in the affairs of the transferee corporation or continue to retain an interest in the properties transferred, * * * and this interest must be definite and material; it must represent a substantial part of the value of the thing transferred."

■ Petitioners argue that Bethlehem rather than its subsidiaries must be considered as the real party in interest and therefore, the acquisition of its bonds by Hedden assured to the latter the necessary continuing interest in its assets. The Supreme Court in Groman v. Commissioner, supra, denied the validity of a similar argument. Justice Roberts said (302 U.S. at page 89, 58 S.Ct. at page 112, 82 L.Ed. 63): "It is argued, however, that Ohio was the alter ego of Glidden; that in truth Glidden was the principal and Ohio its agent; that we should look at the realities of the situation, disregard the corporate entity of Ohio, and treat it as Glidden. But to do so would be to ignore the purpose of the reorganization sections

of the statute, which, as we have said, is that where, pursuant to a plan, the interest of the stockholders of a corporation continues to be definitely represented in substantial measure in a new or different one, then to the extent, but only to the extent, of that continuity of interest, the exchange is to be treated as one not giving rise to present gain or loss."

In the instant case after the transfer Union and McClintic had Hedden's assets but the latter no longer had an equivalent continuing interest in the assets, for what it obtained in exchange were not securities in Union and McClintic, but in Bethlehem, a company whose corporate existence was separate and distinct from that of its subsidiaries. The fact that Union and Mc-Clintic were wholly owned subsidiaries of Bethlehem is, as we have seen, immaterial since they were separate corporations with distinct assets and liabilities whose existence we are not authorized by the Revenue Act to ignore. It is clear that they were not nominees in the sense of being straw parties or trustees solely for the purpose of holding title for Bethlehem to the transferred Hedden assets. On the contrary they became owners of the assets and became indebted to Bethlehem for the bonds delivered by Bethlehem to Hedden for the transferred assets.

In Davis v. United States, ct. cl., 26 F.Supp. 1007, the contention was made that Congress did not intend to make a distinction between a case where the stock of one corporation is received in exchange for the stock of another when the assets of the latter have been acquired directly by the former in consideration of such exchange of stock and a case where the stock is received in an identical transaction except for the fact that the corporation, the taxability of whose stock is involved, takes the assets through a wholly owned subsidiary. The Court of Claims ruled that the Act did make a distinction, citing Groman v. Commissioner, supra, and Helvering v. Bashford, supra, as requiring this result.

Upon reason and authority we have reached the conclusion that Bethlehem was not a party to the reorganization, that its bonds were "other property" referred to in Sec. 112 (c) (1) and that the admitted gain to Hedden by reason of the acquisition of those bonds is taxable.

The decision of the Board of Tax Appeals is affirmed.