GERTRUDE B. CHASE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97902.    Promulgated April 3, 1941.

*Truman Henson, Esq.,* and *Roy G. Peterson, Esq.,* for the petitioner.

*James C. Maddox, Esq.,* for the respondent.

OPINION.

OPPER: We are asked to determine whether a nontaxable [1] reorganization occurred when the stockholders of Truscon transferred virtually the entire stock of that company in exchange for stock of Republic by turning over their shares to Republic's wholly owned subsidiary, a corporation organized for the purpose of taking the stock, which, after about a year, transferred the Truscon stock to Republic and was dissolved.

There should be little doubt that a transfer to a subsidiary is not the equivalent of a transfer to the parent, *Groman* v. *Commissioner*, 302 U. S. 82; that in such circumstances the subsidiary and not the parent is the party to the reorganization; and that if the parent's stock is involved, its receipt is not freed from tax by the reorganization sections. *Anheuser-Busch, Inc.*, 40 B. T. A. 1100; affd. (C. C. A., 8th Cir.), 115 Fed. (2d) 662; certiorari denied, 312 U. S. 699. It is equally clear that a plan must be viewed as a whole and that if the transferred property, although designed to pass temporarily through one corporation, is intended to rest permanently in another, the holding by the first may be of such a transitory nature as to be without real substance. *Helvering* v. *Bashford*, 302 U. S. 454. Hence, if the Truscon stock passing through the Truscon Holding Co., Republic's subsidiary, was intended to come to rest in Republic, it could safely be concluded that a plan of reorganization involving an exchange of stock of Republic for stock of Truscon had been completed, and that, both corporations being parties to the reorganization and Republic having acquired at least 80 percent of the voting stock and at least 80 percent of the total number of shares of all other classes

---

[1] SEC. 112. RECOGNITION OF GAIN OR LOSS. [Revenue Act of 1936.]

\*        \*        \*        \*        \*        \*        \*

(b) EXCHANGES SOLELY IN KIND.—

\*        \*        \*        \*        \*        \*        \*

(3) STOCK FOR STOCK ON REORGANIZATION.—No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.

\*        \*        \*        \*        \*        \*        \*

(g) DEFINITION OF REORGANIZATION.—As used in this section and section 113—

(1) The term "reorganization" means (A) a statutory merger or consolidation, or (B) the acquisition by one corporation in exchange solely for all or a part of its voting stock: of at least 80 per centum of the voting stock and at least 80 per centum of the total number of shares of all other classes of stock of another corporation; or of substantially all the properties of another corporation, or (C) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (D) a recapitalization, or (E) a mere change in identity, form, or place of organization, however, effected.

(2) The term "a party to a reorganization" includes a corporation resulting from a reorganization and includes both corporations in the case of a reorganization resulting from the acquisition by one corporation of stock or properties of another.

of stock of Truscon, the nonrecognition provisions, specifically section 112 (b) (3), would have become operative.

The issue then appears to narrow itself to the question whether dissolution of the Truscon Holding Co. and transfer by it to Republic of the Truscon stock may be considered to have been a part of the plan of reorganization. In *Anheuser-Busch, Inc., supra*, assets were transferred from the petitioner in that case to Borden and immediately retransferred by Borden to its subsidiary, pursuant to an option specified in the plan of reorganization. The petitioner had received Borden stock in exchange and the question was whether the transaction was covered by the nonrecognition provisions of section 112. We held that it was not and said, at page 1107:

> We need not decide whether the result would be different if the transfer to Borden's subsidiary had occurred after a significant interval. The question might then arise as an issue of fact whether the subsequent transfer was part of the effectuation of the plan of reorganization or independent of it.

Here, although the situation is reversed as to the order of the transfers, the question we disregarded in *Anheuser-Busch* must be answered. For if the "continuity of interest" required for the application of the nonrecognition provisions may be gathered from the transfer of Truscon stock to Republic as a part of the plan of reorganization, even though that transfer took place after an appreciable period, we should be justified in holding that the two principal corporations were parties to the reorganization and that the intervention of the subsidiary was temporary and inconsequential.

In considering the comparable question in the *Anheuser-Busch* case, the Circuit Court of Appeals for the Eighth Circuit, affirming the Board, emphasized the indications appearing from the plan of reorganization that (p. 666):

> * * * It was not intended * * * to merge or consolidate the business * * *. The sole object and accomplishment of the plan was to transfer the business of New York, a subsidiary of the taxpayer, to Delaware, a subsidiary of Borden. It was clearly not contemplated that the taxpayer should continue to have a substantial interest in the business which was transferred. The contract itself negatived any purpose to retain that continued interest required in a merger.

Applying a similar test to the negotiations and transactions which accompanied the present exchange, we are led to the conclusion that a merger of the two businesses and a continuity of interest in the merged enterprise was intended. Among other things, the prospectus filed by Republic announced:

> * * * the [Republic Steel] Corporation will obtain control of a diversified steel fabricating enterprise which has been for some time a large buyer of the Corporation's steel products and should increase its use of such products,

Truscon Steel Company has numerous well-located warehouses which should also facilitate the distribution of the other products of the combined enterprise.

A similar thought finds expression on the part of the other party to the transaction, Truscon, in its letter recommending the exchange to its stockholders, in which it says:

> * * * Truscon would become directly affiliated with a rolling mill and would therefore be in an advantageous position in the purchase of its materials. The combined enterprise could control its materials from the ore to the finished product * * *. Our stockholders will acquire in this exchange the securities of the third largest steel corporation of this country.

While the terms of the documents themselves may not be entirely unambiguous as to what the plan of reorganization designed for the eventual disposition of the Truscon stock, we think the explicit purpose of the parties typified by the quoted passages, together with what actually came to pass, is sufficient to resolve any such ambiguity. We think they justify our conclusion that the plan contemplated a merger of the two enterprises rather than the conduct of the acquired business by the vanishing subsidiary, and that it envisaged a continuity of interest in the merged enterprise on the part of those in receipt of its securities. We accordingly take the view that the nonrecognition provisions are applicable and that respondent erred in his determination on this issue.

The remaining question involves gain resulting from the redemption of joint stock land bank bonds. Petitioner's contention that such gain is exempt has been ruled upon adversely. *United States* v. *Stewart*, 311 U. S. 60. Since respondent now recedes from his earlier position and concedes that such gain is capital gain under the provisions of section 117 (f), this issue need not be further considered. Cf. *William H. Noll*, 43 B. T. A. 496.

Reviewed by the Board.

*Decision will be entered under Rule 50.*