**PEOPLES BANK v. UNITED STATES et al.**

Civ. No. 3674.

United States District Court
N. D. Georgia, Atlanta Division.

May 3, 1951.

Phillips, Johnson & Williams, Atlanta, Ga., for plaintiff.

J. Ellis Mundy, U. S. Atty. for the Northern District of Georgia, Herbert A. Ringel, Asst. U. S. Atty. for the Northern District of Georgia, Atlanta, Ga., for defendant.

HOOPER, Chief Judge.

Plaintiff, The Peoples Bank, brought this action against the United States and its Internal Revenue Collector, seeking to enjoin enforcement of the Government's lien for taxes against a certain automobile, the property of one Gatzke, bankrupt, against which plaintiff bank holds a bill of sale to secure debt.

The record in the case without dispute shows the following:

On July 16, 1947 plaintiff bank made a loan of $2,120 to Frederick E. Gatzke secured by bill of sale to secure debt covering automobile and furniture, and same was recorded as provided by law. It provided that future loans should be also secured thereby. On November 6, 1948 defendants filed a notice of tax lien against Gatzke in the office of the Clerk of Superior Court of Fulton County, Georgia. On this date the unpaid balance of the $2,120 loan had been reduced to $459.98.

On April 27, 1949 plaintiff's balance on said original loan had been reduced to $59.93 and another loan for $700 was then procured by Gatzke from plaintiff, same being secured by bill of sale to secure debt covering the same automobile mentioned in the former loan, the furniture being omitted.

Gatzke had paid only $60 on this $700 loan when he was adjudged a bankrupt on July 21, 1949. Plaintiff seeks to enjoin the enforcement by the Government of its tax lien in preference to rights of plaintiff.

On plaintiff's motion a temporary restraining order was entered and subsequently on stipulation of the parties the vehicle was sold and the proceeds of the sale were paid into this court pending final judgment.

Plaintiff's right to prevail involves a construction of 26 U.S.C.A. § 3672, particularly with reference to the relative priorities given therein and those arising under decisions of Georgia Courts pertaining to the holders of bills of sale on personal property to secure debt. The Georgia law will first be considered.

■ The plaintiff bank relies primarily upon decision of the Georgia Supreme Court in the case of Hurst v. Flynn-Harris-Bullard Company, 166 Ga. 480, 143 S.E. 503. A careful study of that case will disclose that the policy of the Georgia law is to accord priority to the holder of a bill of sale to secure debt, not only to the extent of the advances made when the instrument was executed but also any other advances subsequently made pursuant to agreement in the instrument, though made at the option of the lender. Were this an open question in Georgia this court would make a different ruling for it seems that the greater weight of authorities, as well as the greater weight of logic and reason, would indicate a different rule. See 59 C.J.S., Mortgages, § 258, p. 325; but see 138 A.L.R. 579(III).

■ The Government contends, however, that the provisions of Section 3672 of Title 26 U.S.C.A., require a finding of priority in favor of the Government. That section provides in part that the Government's lien "shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector—In accordance with the law of the State * * * in which the property * * * is situated". The provisions in that section that the lien is not valid as against others until the notice has been filed is contended to mean that it is valid as against such others after the lien has been filed. Slight consideration, however, will cause the rejection of that contention. It was evidently the intent of Congress that the lien of the Government should be inferior to the rights of any pledgee, or purchaser, whose right accrued prior to the filing of notice of lien by the Government, as required by the law of the state. A contrary construction would mean that the rights of a bona fide purchaser of property for full consideration and without notice would subsequently be divested by the filing of record of the Government's lien. The rights of plaintiff bank in this case, to be secured for present and future advances, accrued when its bill of sale to secure debt was properly recorded. That instrument secured plaintiff bank for advances made as well as advances to be made in the future. The Government's notice of tax lien was filed November 6, 1948, after such right of the bank had accrued. It does not appear that plaintiff bank when it made an additional advancement on April 27, 1949, had any actual notice of the Government's lien, and under the law it was not chargeable with the duty of examining the records to detect the same. The Government relies strongly upon the case of Metropolitan Life Insurance Company v. United States, 6 Cir., 105 F.2d 311. A careful study of that decision will disclose, however, that the contract lien was given priority over the Government's lien but it was ruled there could be no exercise of power of sale pursuant to the mortgage; the mortgagee being relegated a proceeding in the federal court similar to the one here under consideration.

■ It does appear, however, that the bank's original instrument covered both the automobile and the furniture and that when the bank made an additional advance a new instrument was executed which covered only the automobile and recited the amount of the new indebtedness. The question presents itself as to whether upon cancellation of the original bill of sale, the Government's lien then attached to the automobile and took priority over the new bill of sale contemporaneously executed and delivered. This court rules, however, that it did not, for the reason that there is no material and legal difference on the one hand between advancing additional

sums under the original instrument and on the other hand, executing a new paper also covering the automobile and reciting the new and increased amount of indebtedness. That is to say, the bank could have released the furniture from the original instrument, made an additional advance on the automobile, all the while retaining the original instrument rather than having the transaction evidenced by the execution of a new one.

For reasons set forth above the prayers of plaintiff's petition are granted. The automobile in question by stipulation of parties having been heretofore sold and the proceeds deposited in the registry of this court, it is ordered that such funds be disbursed pursuant to these findings and plaintiff's counsel may prepare proper order in accordance herewith