**UNITED STATES et al. v. PEOPLES BANK.**

No. 13807.

United States Court of Appeals
Fifth Circuit.

July 18, 1952.

Helen Goodner, Ellis N. Slack, Morton K. Rothschild, Sp. Assts. to Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., for appellant.

Ezra E. Phillips, Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and STRUM, Circuit Judge.

STRUM, Circuit Judge.

This is an appeal from a judgment of the district court subordinating tax liens of the United States to a lien held by a bank securing an indebtedness of the delinquent taxpayer to the bank.

The liens arose as follows: On January 16, 1947, one Gatzke procured a loan of $2120.00 from the appellee bank. The loan was evidenced by a promissory note, and secured by a bill of sale to the bank covering a Dodge automobile and the borrower's household furniture. The bill of sale was recorded January 23, 1947. The unrecorded note evidencing the loan contained a provision that it "secures" any other advances made by the bank to Gatzke. ·The recorded bill of sale given to secure this note, however, contained no such specific provision.

On November 5, 1948, the United States filed a notice of tax liens against Gatzke, aggregating $1678.66. On that day, the $2120.00 loan from the bank had been reduced to $459.98.

On April 27, 1949, when the original loan had been further reduced to $59.93, the bank loaned Gatzke an additional $700.00, taking a new note and bill of sale, dated April 27, 1949, covering the Dodge automobile only,—omitting the furniture. The bank also retained the first note and bill of sale, on which $59.93 was still unpaid.

Gatzke was adjudged a bankrupt on July 21, 1949, at which time only $60.00 had been paid on the $700.00 loan.

The Collector of Internal Revenue having seized the car to satisfy the tax liens, the bank brought this suit to secure a declaratory judgment that its lien is superior to the tax liens, and to enjoin the sale of the car. The district court sustained the bank's contention, holding that the Georgia law protects the holder of a duly recorded bill of sale to secure debt, not only to the extent of the advances made when the instrument was executed, but also for future advances subsequently made pursuant to the provisions of the instrument. The district judge was of the view that the bank made the second loan under and pursuant to the provisions of the first bill of sale, which ante-dated the tax liens, and since it did not appear that the bank, when it made the $700.00 loan, had actual notice of the tax liens, it had priority over them. Peoples Bank v. United States, D.C., 98 F.Supp. 874.

Section 3670, Internal Revenue Code, 26 U.S.C.A. § 3670, provides that the United States shall have a lien for unpaid taxes upon all property belonging to the delinquent taxpayer. Section 3672 provides that such liens shall not be valid as against any mortgagee (and others) until notice thereof has been filed by the Collector ·in the public records in accordance with the laws of the state in which the property is situate. The recording of such a lien has no retroactive effect, but clearly it takes rank as of the time it was filed and is superior to other liens perfected thereafter.

If the bank had loaned the additional $700.00 on April 27, 1949, as a "future advance" under, and in reliance upon the

security of, the original note and bill of sale of July 16, 1947, an interesting question of priorities would be presented under Sec. 3672, supra. Compare Hurst v. Flynn-Harris-Bullard Co., 166 Ga. 480, 143 S.E. 503; Rose City Foods v. Bank of Thomas County, 207 Ga. 477, 62 S.E.2d 145. But that is not what was done. The circumstances convincingly demonstrate that the bank intended to, and did, make two separate and distinct loans to Gatzke, one on January 16, 1947, for $2120.00, another on April 27, 1949, for $700.00. In making the second loan, the bank did not rely upon the security of the first bill of sale, but elected to take a new note for the $700.00, secured by a new and entirely separate bill of sale, which it placed of record May 4, 1949. The second bill of sale covered only part of the property included in the first, thus altering the security. The bank's claim that the $700.00 loan was a "future advance" under the original note and bill of sale appears to be an afterthought.

The district judge considered this phase of the matter, but was of the view that "the bank could have released the furniture from the original instrument and made an additional advance on the automobile, all the while retaining the original instrument rather than having the transaction evidenced by the execution of a new one," and that such was the effect of this transaction, so that the bank's lien securing the $700.00 ranks from the filing for record of the original bill of sale on June 23, 1947, which ante-dates the tax lien.

In fixing these priorities, however, we must deal with actualities, not with possibilities,—not with what the bank could have done, but what it did. The trail blazed by the parties themselves clearly indicates that the bank regarded the loan of April 27, 1949, as a new and separate loan, not a "future advance" under the first loan. In Hurst v. Flynn-Harris-Bullard Co., 166 Ga. 480, 143 S.E. 503, relied on by the bank, and by the trial judge in his decision, only one deed to secure debt was taken by the bank. The additional advances were made under, and pursuant to, the provisions of that deed. There were not, as here, two separate and distinct notes and two separate and distinct bills of sale to secure debt. The same is true in Rose City Foods v. Bank of Thomas County, 207 Ga. 477, 62 S.E. 2d 145, where the bank took no new bill of sale when it acquired the additional indebtedness of the borrower, Southern Foods, but stood solely on the "other indebtedness" provisions of the original bills of sale.

To the extent of any unpaid balance under the original loan made January 16, 1947, the bank is entitled to priority, but the tax liens are superior to the $700.00 loan.

Reversed and remanded.