WEST TEXAS REFINING & DEVELOPMENT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

COL-TEX REFINING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 43547, 45653, 46633.   Promulgated April 25, 1932.

*Charles H. Garnett, Esq.*, and *Walter G. Kirkbride, Esq.*, for the petitioners.

*E. A. Tonjes, Esq.*, for the respondent.

OPINION.

LANSDON: The respondent has determined that the transfer of assets by the West Texas Company to the Col-Tex Company was a sale from which the West Texas Company realized a gain of $58,-830.61. The petitioners contend that such transfer was pursuant to a plan of reorganization and that no gain should be recognized under the provisions of section 203 of the Revenue Act of 1926.[1]

---

[1] SEC. 203. (a) Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 202, shall be recognized, except as hereinafter provided in this section.

\* \* \* \* \* \* \*

(b) (3) No gain or loss shall be recognized if a corporation a party to a reorganization exchanges property, in pursuance of the plan of reorganization, solely for stock or securities in another corporation a party to the reorganization.

\* \* \* \* \* \* \*

(e) If an exchange would be within the provisions of paragraph (3) of subdivision (b) if it were not for the fact that the property received in exchange consists not only of stock or securities permitted by such paragraph to be received without the recognition of gain, but also of other property or money, then—

(1) If the corporation receiving such other property or money distributes it in pursuance of the plan of reorganization, no gain to the corporation shall be recognized from the exchange, but

(2) If the corporation receiving such other property or money does not distribute it in pursuance of the plan of reorganization, the gain, if any, to the corporation shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property so received, which is not so distributed.

\* \* \* \* \* \* \*

The petitioners argue that immediately after the transfer of assets by the West Texas Company to the Col-Tex Company, the former owned all of the outstanding capital stock of the latter; and that the Standard Oil Company became a stockholder thereafter when stock was delivered to it. We think the record fails to support such a contention. All of the transactions set forth in our findings were pursuant to a plan of organization conceived by the parties prior to the contract of June 2, 1925, and set forth in detail at the stockholders' meeting of the West Texas Company on September 3, 1925. Such plan of organization was completed by delivery of stock to the Standard Oil Company for $184,771.34 in cash, which was then paid to the West Texas Company in accordance with the agreement between that company and the Col-Tex Company. We think the provisions of section 203 are applicable as of the date the plan was completed. Where there are several steps to be taken in effecting the organization of a new corporate enterprise, it is impossible to have them all occur at the same instant. One step must precede another and we do not think the language of section 203, " immediately after the transfer," intended that questions of tax liability should be determined by the fact that a transfer of property occurred a few days before cash was paid in, when both are essential steps in the plan of organization. Cf. *George G. Moore*, 19 B. T. A. 364.

We conclude that, at the determinative date, stock of the Col-Tex Company was owned 50 per cent by the West Texas Company and 50 per cent by the Standard Oil Company. There was no reorganization within the meaning of section 203 of the 1926 Act. Cf. *Erle P. Halliburton et al.*, 25 B. T. A. 1045.

It remains for us to determine whether the Col-Tex Company is liable under section 280 of the Revenue Act of 1926 as a transferee of assets of the taxpayer. The petitioner contends that it was a purchaser for value and that no liability at law or in equity attaches to such a transaction. The respondent contends that the Col-Tex Company acquired assets having a value of $314,969.80 in exchange for $184,771.34, in cash and its own capital stock; and that it was not a

(h) As used in this section and sections 201 and 204—

(1) The term " reorganization " means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or part of its assets to another corporation if immediately after the transfer the transferor or its stockholders, or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form, or place of organization, however effected.

\*          \*          \*          \*          \*          \*

(i) As used in this section the term " control " means the ownership of at least 80 per centum of the voting stock and at least 80 per centum of the total number of shares of all other classes of stock of the corporation.

purchaser for value, since it acquired the property for less than a fair consideration.

We have heretofore held that where a new corporation acquires all the assets of a taxpayer in exchange for common stock which is delivered to the taxpayer the new corporation is liable as transferee to the extent of the value of the assets received. *Signal Gasoline Corporation*, 25 B. T. A. 861, and *Waterproofed Products Co.*, 25 B. T. A. 648. In those cases the assets were acquired subject to the liabilities. Here the taxpayer transferred its assets in exchange for stock and an amount of cash which was insufficient to satisfy its liabilities. Unless certain of the creditors are allowed to follow the assets into the transferees' hands they will be forced to substitute as security for their debts corporate stock of a speculative value. The courts have repeatedly held that a creditor may not be forced to give up tangible assets as security for his debt and thereafter look for payment to shares of corporate stock. *Jennings Neff & Co.* v. *Crystal Ice Co.*, 128 Tenn. 231; 159 S. W. 1088; *Altoona* v. *Richardson*, 81 Kans. 717; 106 Pac. 1026; *Hibernia Insurance Co.* v. *St. Louis & New Orleans Transportation Co.*, 13 Fed. 516; *American Railway Express Co.* v. *Commonwealth*, 190 Ky. 636; 228 S. W. 433; *Grenell* v. *Detroit Gas Co.*, 112 Mich. 70; 70 N. W. 413; *Chicago I. & S. R. Co.* v. *Taylor*, 183 Ind. 240; 108 N. E. 1.

The depreciated cost to the taxpayer of the assets transferred was $314,969.80 and we have found that on the date of the transfer the assets had a value equal to the depreciated cost. The cash consideration paid of $184,771.34 can not be held to be a fair and adequate payment for assets having a value of $314,969.80. We think the Col-Tex Company is liable as a transferee for taxes due from the West Texas Company for 1925.

*Decision will be entered for the respondent.*