GEORGE WHITTELL & COMPANY, INC., A CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 72414.   Promulgated October 7, 1936.

*George J. Hatfield, Esq., Mabel Walker Willebrandt, Esq., W. F. Williamson, Esq.,* and *George E. H. Satchell, C. P. A.,* for the petitioner.

*Ralph E. Smith, Esq.,* for the respondent.

## OPINION.

ARUNDELL: The whole question here is whether the transaction at bar can be broken into its component steps and a gain held recognizable where if considered as a single transaction pursuant to a plan of reorganization no gain would result. The plan here was simply to change the state of incorporation from California to Nevada for the purpose of avoiding a California corporation franchise tax. The result intended and accomplished was that assets and liabilities of the California corporation were taken over by the Nevada company, which had the same capitalization and stockholders as the California corporation. The respondent concedes that if the California corporation had received in exchange for its assets the Nevada corporation's stock and then distributed the stock to its stockholders, no gain would be recognizable. The procedure here, however, was that the sole. stockholder of the California corporation exchanged his stock for that of the Nevada corporation and then the assets of the California corporation were transferred to the Nevada corporation and the California corporation dissolved. The same result was accomplished as under the former method, but the respondent claims that the acquisition of assets was a separate transaction from the exchange of stock and must be taxed as a distribution in liquidation. If the transfer of assets is to be considered a separate transaction from the exchange of stock, the respondent's position is correct. However, we are convinced that the transaction should be treated as a unit rather than as separate steps. "For income tax purposes, the component steps of a single transaction cannot be treated separately." *Bassick* v. *Commissioner*, 85 Fed. (2d) 8. The substance of the transaction. was a transfer of assets of the California corporation in exchange for stock of the Nevada corporation and we so regard it. There is: authority in somewhat analogous cases for considering the steps.

pursuant to a plan of reorganization as a single transaction rather than as isolated, unrelated transactions. *Sylvester W. Labrot*, 18 B. T. A. 332; affd., 57 Fed. (2d) 413; *Helvering* v. *Security Savings & Commercial Bank*, 72 Fed. (2d) 874; *Thurber* v *Commissioner*, 84 Fed. (2d) 815; *Starr* v. *Commissioner*, 82 Fed. (2d) 964; *Bassick* v. *Commissioner, supra.*

We think that the nature of the transaction at bar brings it within the type of business readjustment intended to be exempt from tax under the reorganization provisions of the statute. It was exactly what the statute defines as one kind of reorganization: "A mere change in identity, form, or place of organization" of the corporation. As to whether the particular procedure followed takes any part of the transaction out of the nonrecognition provisions, the intention of Congress is indicated by the Committee Reports[1] accompanying the Revenue Bill of 1924, which first contained the counterpart of section 112 (b) (4):

Congress has heretofore adopted the policy of exempting from tax the gain from exchanges made in connection with a re-organization, in order that ordinary business transactions will not be prevented on account of the provisions of the tax law. If it is necessary for this reason to exempt from tax the gain realized by the stockholders, it is even more necessary to exempt from tax the gain realized by the corporation.

This objective of exempting the gain to the corporation from a reorganization would be defeated if a reorganization could be split into parts and a tax levied on the isolated steps. The opinion of the drafters of the Revenue Act of 1924 that such a transaction as the one at bar is one type of reorganization is indicated by the statement of A. W. Gregg which accompanied the Treasury draft of the 1924 Revenue Bill.[2]

We have decided a series of cases involving the basis for property received in connection with a reorganization where the facts were similar to those of the present case in that the exchange of stock was made as a separate, and in some instances a prior, step to the transfer of assets. *Spang, Chalfant & Co.*, 31 B. T. A. 721; *San Joaquin Fruit & Investment Co.*, 28 B. T. A. 395; affirmed on this point, 77 Fed. (2d) 723; *Piedmont Financial Co.*, 26 B. T. A. 1221; *Mente & Co.*, 24 B. T. A. 401; *Michigan Limestone & Chemical Co.*, 26 B. T. A. 928; *Evans Products Co.*, 29 B. T. A. 992; and *Flushing Nurseries Co.*, 25 B. T. A. 938. In those cases we emphasized the

---

[1] Report of the Committee on Ways and Means, H. R. Rept. No. 179, p. 13; Report of the Committee on Finance, S. R. No. 398, p. 14.

[2] "A corporation in connection with a reorganization may dispose of its assets in one of three ways: It may transfer them to a new corporation in exchange for stock or cash; it may transfer them to the new corporation, the consideration being the payment by the new corporation of stock or cash to the stockholders of the old corporation; or the new corporation may buy, with its stock and cash, from the stockholders of the old corporation their stock and then liquidate the old corporation. * * *"

unity of the whole transaction when carried out pursuant to a plan of reorganization and refused to consider the transfer of assets as a distinct transaction apart from the entire scheme.

The unity of the whole plan in the instant case is unquestionable. The liquidation and dissolution of the California company was not an afterthought separate and distinct from the transfer of the stock, but rather was the whole object of the plan, which was to get the corporation out of the State of California as quickly as possible to avoid the impending California franchise tax. The very first outline of the proposal was that the Nevada corporation should take over the *assets* and not merely the stock of the California corporation, and this objective was stated in every subsequent step in the formulation of the plan, whether formal or informal. It was embodied in the resolutions of the Nevada corporation at its organization meeting and the transfer of assets went forward as rapidly as the circumstances permitted. Dissolution followed shortly after the transfer of assets. The conclusion is inescapable that the assets were transferred in consideration of stock in the Nevada company, although in point of time the transfer of assets followed the issuance of the stock. Since the assets then were in substance exchanged for stock in the Nevada corporation, no gain is recognizable to the Nevada corporation, since the issuance by a newly organized corporation of its stock in exchange for assets is a capital transaction and no income is realized therefrom. The reorganization here is within either subdivision (A), (B), or (D) of the reorganization definition (sec. 112(i) (1), Revenue Act of 1928).

Our disposition of the case makes it unnecessary to decide whether the contribution of $600,000 by Anna L. Whittell to the capital of the California company should go to increase the basis of the assets to the California company, as contended by the petitioner, but we express our opinion that the petitioner's point is well taken.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*